**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Lex Michael Gruzebeck, | Civ. No. 19-3035 (ECT/BRT) |
| Petitioner, | |
| v. | **AMENDED REPORT AND RECOMMENDATION** |
| Warden Fikes, F.C.I. Sandstone, | |
| Respondent. | |

This matter is before the Court on Petitioner Lex Michael Gruzebeck's petition for habeas corpus relief. (*See* Doc. No. 1.) Gruzebeck alleges that his term of supervised release is unconstitutional in light of the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019). For reasons discussed herein, the Court finds it appropriate to recommend dismissal of this petition.

In 2012, Gruzebeck was convicted of conspiracy to manufacture and distribute 100 kilograms and more of marijuana and hashish. *See United States v. Gruzebeck*, 1:11-CR-0057 (JAJ) (S. D. Iowa). He received a term of supervised release of eight years to follow his 140-month term of incarceration. *See id.*; (Doc. No. 166). His sentence was later reduced in accordance with Sentencing Guideline Amendment 782. *See Gruzebeck*, 1:11-CR-0057 (JAJ) (S. D. Iowa); (Doc. No. 189). He is now on a term of supervised release which was modified on September 18, 2017. *See Gruzebeck*, 1:11-CR-0057 (JAJ) (S. D. Iowa); (Doc. No. 207). The modification added that, if not employed, Gruzebeck

may be required to perform up to twenty hours of community service per week and may also be required to participate in job counseling, job searches, or other employment related activities. *See Gruzebeck*, 1:11-CR-0057 (JAJ) (S. D. Iowa); (Doc. No. 208).

Gruzebeck is currently on supervised release subject to the terms imposed at sentencing and modified in 2017. As part of that supervised release, Gruzebeck will be subject to several conditions, including that he not commit another federal, state, or local crime during the period of supervision; that he submit to periodic drug tests; that he regularly report to his probation officer; that he submit to searches conducted by that probation officer; and much else. *See Gruzebeck*, 1:11-CR-0057 (JAJ) (S. D. Iowa); (Doc. No. 166); 18 U.S.C. § 3583(d). Should Gruzebeck be found to have violated the conditions of his supervised release, he may be required "to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision . . . ." 18 U.S.C. § 3583(e)(3).

Historically, proceedings on the question of whether a term of supervised release should be revoked have differed in two critical respects from the proceedings by which the defendant came to be convicted. First, a jury is not required to act as factfinder in determining whether the defendant violated the conditions of his supervised release; this factfinding role may be undertaken by a judge. Second, the judge need not find beyond a reasonable doubt that the conditions of supervised release at issue were violated; the lesser preponderance-of-the-evidence standard suffices. *See Johnson v. United States*, 529 U.S. 694, 700 (2000) ("Although such violations often lead to reimprisonment, the

violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt.").

Usually, the sentencing judge is given a relatively free hand in imposing a term of imprisonment upon revocation of supervised release, cabined only by the maximum terms of imprisonment permitted by § 3583(e)(3), the length of the term of supervised release (which itself usually acts as a maximum permissible sentence upon revocation), and the factors set forth in 18 U.S.C. § 3553(a). Under § 3583(k), however, if a defendant who is required to register under the Sex Offender Registration and Notification Act ("SORNA") commits any of several enumerated offenses while on supervised release, the supervised release *must* be revoked and a term of imprisonment of at least five years, and as much as life, *must* be imposed. Like the other supervised release provisions, however, § 3583(k) requires on its face only that the defendant be found to have committed the enumerated offense that violates the conditions of his supervised release by a preponderance of the evidence, and a jury is not required to make that finding.

In June 2019, a fractured Supreme Court concluded in *United States v. Haymond* that § 3583(k) infringes upon the Fifth and Sixth Amendment rights of the accused. 139 S. Ct. 2369. Writing what would become the holding of *Haymond*, Justice Breyer identified three aspects of § 3583(k) that, "considered in combination," made that provision "less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach." *Haymond*, 139 S. Ct. at 2386 (J. Breyer, concurring).

> *First*, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. *Second*, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. *Third*, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of 'not less than 5 years' upon a judge's finding that a defendant has 'commit[ted] any' listed 'criminal offense.'

*Id*. In light of these three factors, Justice Breyer concluded that § 3583(k) violated the constitutional rights of criminal defendants. *Id*. Only upon a finding of a jury, beyond a reasonable doubt, that the defendant had committed one of the enumerated offenses could the term of imprisonment mandated by § 3583(k) be imposed.

Four other justices agreed with Justice Breyer that § 3583(k) failed to pass constitutional muster but would have gone further in at least one respect. According to the four justices, "a jury must find any facts that trigger a new mandatory minimum prison term" upon revocation of supervised release. *Id*. at 2380 (emphasis removed). This finding encompassed the conclusion of Justice Breyer that § 3583(k) was unconstitutional as being applied in cases such as that before it. But the finding also—had it been the holding of the Supreme Court in *Haymond*—would presumably have extended to any other provisions that, similar to § 3583(k), imposed a mandatory minimum term of imprisonment upon revocation of supervised release without affording the defendant the right to a hearing before a jury to determine, beyond a reasonable doubt, whether the condition of supervised release at issue had been violated.[1]

---

[1] The four justices also flagged another potential constitutional question (while declining to reach the issue and minimizing its practical consequences): whether
(Footnote Continued on Next Page)

Which leads back to Gruzebeck, who has filed a petition for a writ of habeas corpus in this District challenging pursuant to *Haymond* the term of supervised release imposed in his criminal case.[2] *See* 28 U.S.C. § 2241. In his habeas petition, Gruzebeck stakes out a position on *Haymond* in advance of the four justices who would have gone beyond striking down only § 3583(k) and applied a more categorical rule. According to Gruzebeck, *any* future revocation of his supervised release will, pursuant to *Haymond*, amount to a violation of his constitutional rights. (*See* Doc. No. 1 at 2–4.) Gruzebeck is right to say that Justice Breyer's opinion is controlling, but his interpretation of the implications of that opinion is incorrect. *See United States v. Bailey*, 571 F.3d 791, 798 (8th Cir. 2009) ("When a majority of the Supreme Court agrees only on the outcome of a case and not on the grounds for that outcome, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'") (quoting *Marks v. United States*, 430 U.S. 188, 193 (1977)).

Justice Breyer's opinion is limited to the constitutionality of § 3583(k) itself, concluding that the provision is invalid because it fails the three factors "considered in combination" identified above. *Haymond*, 139 S. Ct. at 2386 (J. Breyer, concurring).

---

sentences imposed under § 3583 might be invalid if the term of imprisonment imposed upon revocation of supervised release extended the total terms of imprisonment incurred by the defendant beyond the maximum sentence authorized by statute upon the jury's finding of guilt. *Id.* at 2382 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

[2]    That petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although Gruzebeck's habeas corpus petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

Gruzebeck surmises that because Breyer talks about traditional parole versus supervised release, he means to say that any sentence under § 3583(e)(3) would be improper. (*See* Doc. No. 1 at 2–3.) This conclusion, however, is precisely contrary to what Breyer wrote. Breyer wrote that *only* § 3583(k) is unconstitutional because of the unique way that the section focuses on the particular conduct of a violation, rather than simply focusing on any violation as a "breach of trust." *Haymond*, 139 S. Ct. at 2386. "Consistent with that view," he wrote "consequences for violation of conditions of supervised release under § 3583(e), which governs most revocations, are limited by the severity of the original crime of conviction, not the *conduct* that results in revocation." *Id.* (emphasis added). There is no reason to believe that Gruzebeck will ever be subject to § 3583(k). Under Breyer's rational, if Gruzebeck faces revocation under § 3583(e), he will not suffer an automatic violation of his constitutional rights. The holding of *Haymond* is irrelevant to Gruzebeck.

Additionally, Gruzebeck does not have standing to pursue a potential issue with a supervised release revocation, because he is on supervised release, but he is not currently facing a revocation. Any contention about potential future supervised release proceedings is speculative. The "irreducible constitutional minimum of standing" includes the requirement that the injury complained of by the litigant "be likely, as opposed to merely speculative." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Gruzebeck's assertion that, per *Haymond*, his constitutional rights will be violated should his supervised release be revoked amounts to nothing more than conjecture: Gruzebeck may never violate the conditions of his supervised release; if he does, his term of supervised

6

release may not be revoked; if it is revoked, the resulting sentence may be imposed in a manner consistent with *Haymond*. Speculative harms of the kind raised by Gruzebeck are not sufficient, consistent with Article III of the Constitution, to confer standing upon a litigant. *Id*. Without standing under *Haymond*, Gruzebeck's habeas corpus petition must be dismissed without prejudice for lack of jurisdiction.

The same conclusion can also be reached from a different angle of approach. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). In one sense, Gruzebeck's liberty is restricted: he is currently on supervised release. But the Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id*. at 490–91. Gruzebeck does not attack the fact that he is subject to some variety of supervision now that he has been released from prison. Rather, Gruzebeck is attempting to challenge the potential revocation of his supervised release — that is, he is mounting a challenge to a hypothetical future term of imprisonment that may never be imposed and for which he is not in custody today. "If a petitioner was not 'in' the relevant 'custody' at the time of filing, then his petition must be dismissed for lack of jurisdiction." *Munt v. Miles*, No. 18-17 (JRT/FLN), 2018 WL 2271028, at *2 (D. Minn. May 17, 2018) (citing *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam)).

A federal prisoner cannot, through a petition for a writ of habeas corpus, anticipatorily test the validity of proceedings that have not occurred — proceedings that may or may not lead to a term of imprisonment for which the prisoner is not, and may never be, in custody. This Court therefore lacks jurisdiction over Gruzebeck's habeas petition. The petition should be dismissed without prejudice.[3]

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The petition for a writ of habeas corpus of petitioner Lex Gruzebeck (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE**.

Dated: January 29, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

---

[3] This Court notes that Gruzebeck received the same analysis of this issue presented in a Section 2255 petition to the Southern District of Iowa. *See Gruzebeck v. United States*, Case No. 19-cv-0298-JAJ (I.A.S.D. September 30, 2019), at Doc. No. 2 (order dismissing petition for habeas relief because *Haymond* provides no relief to a petitioner whose term of supervised release has not been revoked).

objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).